**Federal Defenders OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
Executive Director
and Attorney-in-Chief

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

September 10, 2019

**BY ECF**

Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   **United States v. Darius Davis,
       19 Cr. 27 (PGG)**

Dear Judge Gardephe:

The parties have reached a plea agreement to resolve this matter. The plea agreement is attached hereto as **Exhibit A**.

Before Mr. Davis pleads guilty, I request that the Court bail Mr. Davis into state custody to begin serving his state sentence for a drug sale that the parties agree is "relevant conduct" to the present federal drug conspiracy. See Ex. A at 2, ¶ B.1. The government consents to this request and plans to writ Mr. Davis back into federal custody for further proceedings before this Court as soon as he is received by the New York State Department of Corrections and Community Supervision ("DOCCS").

Mr. Davis was sentenced to three years in the state on April 2, 2019, but his state time has not begun to run because he is in primary federal jurisdiction. Having recently spoken with a lawyer for DOCCS, I understand that Mr. Davis's state sentence cannot begin to run until he is received by DOCCS. So unless he is bailed into state custody (and thereby into primary state jurisdiction), Mr. Davis will necessarily serve a consecutive state sentence of three years on top of whatever sentence this Court imposes, at or above the five-year mandatory minimum, on the present federal drug conspiracy case.

Bailing Mr. Davis into state custody—and subsequently returning him to federal custody on a writ—is the only way to preserve this Court's power and discretion to make its sentence concurrent to the undischarged state sentence. See 18 U.S.C. § 3584(a). It bears note that the Guidelines provide for both concurrent sentences and an adjustment for uncredited time where, as here, the undischarged term of imprisonment resulted from an offense that is relevant conduct to the instant federal offense. See U.S.S.G. § 5G1.3(b).

Honorable Paul G. Gardephe  September 10, 2019
United States District Judge  Page 2

Accordingly, I request that Mr. Davis be ordered "released" on his own signature subject to the condition that he be transferred into state custody on the state detainer that has been filed. At presentment, Mr. Davis was detained on consent without prejudice to a future bail application. He now applies for bail, and, as noted, the government consents to this request. Bail on the proposed condition is appropriate under 18 U.S.C. § 3142(c) because Mr. Davis's continued custody will of course ensure the safety of the community and his appearance in court.[1]

In light of the anticipated disposition of this matter, I further request that the Court adjourn the October 21 trial date sine die. The government also consents to this request.

In the alternative, I request that the Court schedule a conference to address these matters.

Respectfully submitted,

/s/
Clay H. Kaminsky
Assistant Federal Defender
(212) 417-8749

cc:   AUSA Tara La Morte

---

[1] Section 3142 applies to pre-plea bail applications. If the Court prefers that Mr. Davis plead guilty first, it could still bail him into state custody between plea and sentencing under 18 U.S.C. §§ 3143(a) and 3145(c) because the fact of Mr. Davis's continued custody clearly and convincingly demonstrates that he is neither a flight risk nor a danger to the community and the sentence-time-calculation issue described above represents an exceptional reason to grant his bail application.

# EXHIBIT A



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 6, 2019

Clay Kaminsky
Federal Defenders of New York
52 Duane Street
New York, New York 10007

> **Re: United States v. Darius Davis, 19 Cr. 27 (PGG)**

Dear Mr. Kaminsky:

      On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Darius Davis ("the defendant") to Count One of the above-referenced Indictment (the "Indictment"). Count One charges the defendant with, from in our about June 2018, up to and including in or about December 2018, conspiring to distribute, and possess with intent to distribute, 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A). Under the terms of this Agreement, however, the Government will accept a guilty plea to the lesser included offense of conspiring to distribute and possess with intent to distribute 28 grams and more of mixtures and substances containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B). This offense carries a maximum sentence of forty years' imprisonment; a mandatory minimum sentence of five years' imprisonment; a mandatory minimum term of supervised release of four years; a maximum term of supervised release of life; a maximum fine, pursuant to Title 18, United States Code, Section 3571 and Title 21, United States Code, Section 841(b)(1)(B), of the greatest of $5,000,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment.

      In consideration of the defendant's plea to the above offense, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations, if any, as to which this Office cannot, and does not, make any agreement) for participating in a conspiracy to distribute and possess with intent to distribute, cocaine base from in or about June 2018 through to and including December 2018, as charged in Count One, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq.* In addition, at the time of sentencing, the Government will move to dismiss any open Count against the defendant. The defendant agrees that with respect to any and all dismissed charges he is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

2019.07.08

The defendant hereby admits the forfeiture allegation with respect to Count One of the Indictment and agrees to forfeit to the United States, pursuant to Title 21, United States Code, Section 853 a sum of money representing proceeds traceable to the commission of said offense (the "Money Judgment").  It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.  The defendant consents to the entry of the Consent Order of Forfeiture annexed hereto as Exhibit A and agrees that the Consent Order of Forfeiture shall be final as to the defendant at the time it is ordered by the Court.

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

A. Offense Level

1. The Guidelines Manual in effect as of November 1, 2018, applies in this case.

2. The Sentencing Guideline applicable to the offense charged in Count One of the Indictment is U.S.S.G. § 2D1.1(a)(5).  Because the offense involved at least 280 grams but less than 840 grams of cocaine base, the offense level is 30, pursuant to U.S.S.G. § 2D1.1(c)(5).

3. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a).  Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 27.

B. Criminal History Category

Based upon the information now available to this Office (including representations by the defense), the defendant has 8 criminal history points, as set forth below:

1. On or about March 3, 2018, the defendant was convicted in New York County Supreme Court of criminal sale of a controlled substance in the fifth degree, in violation of New York Penal Law § 220.31.  On April 2, 2019, the defendant was sentenced to a term of imprisonment of 3 years.  Pursuant to U.S.S.G. §§ 4A1.2, Application Note 1, and 1B1.3(a), this constitutes relevant conduct and the defendant receives 0 criminal history points for this offense.

Page 3

2. On or about November 20, 2015, the defendant was convicted in New York County Supreme Court of attempted criminal possession of a weapon in the third degree—previous conviction, in violation of New York Penal Law § 265.02(1). On November 20, 2015, the defendant was sentenced to a term of imprisonment of 18 months to 3 years. Pursuant to U.S.S.G. § 4A1.1(a), the defendant receives 3 criminal history points for this offense.

3. On or about January 13, 2014, the defendant was convicted in New York County Criminal Court of criminal possession of a weapon in the fourth degree—firearm/weapon, in violation of New York Penal Law § 256.01(01). On January 13, 2014, the defendant was sentenced to a term of imprisonment of 6 months. Pursuant to U.S.S.G. § 4A1.1(b), the defendant receives 2 criminal history points for this offense.

4. On or about July 7, 2012, the defendant was convicted in New York Criminal Court of criminal possession of marijuana in the fifth degree—in a public place, in violation of New York Penal Law § 221.10(01). On July 7, 2012, the defendant was sentenced to a term of time served. Pursuant to U.S.S.G. § 4A1.1(c), the defendant receives 1 criminal history point for this offense.

5. Because the defendant committed the instant offense while under a criminal justice sentence, pursuant to U.S.S.G. § 4A1.1(d), he receives 2 additional criminal history points.

In accordance with the above, the defendant's Criminal History Category is IV.

C. Sentencing Range

Based upon the calculations set forth above, the defendant's stipulated Guidelines range is 100 to 125 months' imprisonment, with a mandatory minimum term of 60 months' imprisonment (the "Stipulated Guidelines Range"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 27, the applicable fine range is $25,000 to $5,000.000.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein, except that the parties may seek an adjustment pursuant to U.S.S.G. § 5G1.3(b)(1). Nor will either party in any way suggest that the Probation Office or the Court consider such a departure or adjustment under the Guidelines, except the Probation Office and Court may consider a request for an adjustment pursuant to U.S.S.G. § 5G1.3(b)(1).

The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that his entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw his plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241, of any sentence within or below the Stipulated Guidelines Range of 100 to 125 months' imprisonment, and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of

imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal any term of supervised release that is less than or equal to the statutory maximum. The defendant agrees not to appeal any fine that is less than or equal to $5,000,000, and the Government agrees not to appeal any fine that is greater than or equal to $25,000. Notwithstanding the foregoing, nothing in this paragraph shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, *Jencks* Act material, exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, or impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant recognizes that, if he is not a citizen of the United States, his guilty plea and conviction make it very likely that his removal from the United States is presumptively mandatory and that, at a minimum, he is at risk of being removed or suffering other adverse immigration consequences. If the defendant is a naturalized citizen of the United States, he recognizes that pleading guilty may have consequences with respect to the defendant's immigration status. For example, under federal law, an individual may be subject to denaturalization and removal if his naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured. The defendant acknowledges that he has discussed the possible immigration consequences (including removal or denaturalization) of his guilty plea and conviction with defense counsel. The defendant affirms that he wants to plead guilty regardless of any immigration or denaturalization consequences that may result from the guilty plea and conviction, even if those consequences include denaturalization and/or removal from the United States. The defendant understands that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and the defendant understands that no one, including his attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration or naturalization status. It is agreed that the defendant will have no right to withdraw his guilty plea based on any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge his conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from his guilty plea and conviction.

It is further agreed that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may

be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution.  It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office.

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant.  No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

GEOFFREY S. BERMAN
United States Attorney

By: _____
Tara M. La Morte
Assistant United States Attorney
(212) 637-1041

APPROVED:

_____
Shawn Crowley
Co-Chief, Narcotics Unit

AGREED AND CONSENTED TO:

_____    _____
DARIUS DAVIS                                                            DATE

APPROVED:

_____    _____
CLAY KAMINKSY                                                        DATE
Attorney for DARIUS DAVIS

2019.07.08